FRANCIS B. LONEY and others *vs.* N. G. PENNI-
MAN and others.

*Receiver—Effect of a Receiver's Sale of Debts due to a Resident
Partnership by Non-resident Debtors.*

The Circuit Court of Baltimore City in a case to which the members of an
insolvent firm were parties, appointed a receiver to take possession of the
assets of the firm and collect the debts due it. By the authority of the
Court the receiver sold all the assets and property, book debts, *choses in action*
and effects of the firm within the jurisdiction of the Court, upon an offer
of P. to purchase the entire assets of the firm for a stated sum. The pur-
chaser under this sale collected debts due the firm by non-resident debtors,
claiming the same as his by virtue of said sale to him. On a bill for an
account of said collections, brought by members of the firm against P., it
was HELD:

1st. That all the right and title of the firm to these debts was virtually
divested and passed to P. by the sale, with such power to collect them as
could be conferred by the sale of the receiver or the authority of the Court.

2nd. That if the debts were voluntarily paid, P. was entitled to hold the pro-
ceeds without accounting therefor to the complainants.

3rd. That if their payment was refused the Court had the power to compel
the firm— being within its jurisdiction and parties to the proceedings—to
whom the debts were due, to assign and transfer all their right and title
thereto to P. so as to vest the same in him.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are sufficiently stated in the opinion
of the Court.

The cause was argued before BARTOL; C. J., STEWART,
BRENT, GRASON and ROBINSON, J.

*B. C. Barroll,* for the appellants.

*Robert A. Dobbin* and *F. W. Brune*, for the appellees.

STEWART, J., delivered the opinion of the Court.

The bill was filed by Loney and others to compel Penniman the defendant, to account for certain debts due the firm of Loney & Co., which it was alleged he had collected.

An interlocutory decree *nisi* was passed that Penniman should account, and that the case be referred to the auditor.

Penniman filed reasons against the decree, and the defendants were allowed to answer.

The Court at the final hearing, decreed that the complainants were not entitled to the debts and assets claimed by the bill, and dismissed the same, and the complainants have brought this appeal.

The assets of the firm of Loney & Co., consisted, amongst other things, of debts due it by parties residing beyond the limits of the State, which the bill claimed had not been sold by the receiver appointed in the case of *Thomas vs. Loney and others*, to Penniman; and for the collection of any part of which by Penniman it sought the account.

Penniman on the contrary, insisted that under his purchase from the receiver, he was entitled to said debts.

The Court by its decree affirmed the right of Penniman to these debts, and whether there was error in this is the substantial question for review.

Sundry matters of Chancery practice, as to the regularity of the preliminary proceedings of the Court, were discussed by appellants' counsel, but they are immaterial, if according to the final decree, the bill presented no case entitling the complainants to relief.

In the case of *Thomas vs. Loney and others*, the Court, by its order of 26th May, 1872, appointed Cole receiver, with power and authority, to take charge and possession of the

goods, wares and merchandise, books, papers and effects of, or belonging to the firm of Loney & Co., and to collect the debts due it, and they were required to deliver them to the receiver accordingly.

Upon the petition of the receiver setting forth the proposition of Penniman, to purchase the entire assets of the firm for the sum of sixty thousand dollars, and his prayer for an order from the Court directing him to sell all the assets and property, book debts, *choses in action* and effects of the firm, within the jurisdiction of the Court, for the sum offered by Penniman; the Court by its order of 21st February, 1872, did authorize the sale to be made accordingly, and the receiver, upon the payment of the money, to convey to Penniman the said property.

The debts due the firm at home and abroad were *choses in action*, belonging to the firm, and were undoubtedly embraced or intended to be, both by Cole the receiver, and Penniman the purchaser, in the sale.

The Court having the care of the property involved— the receiver being its creature or officer, *Williamson vs. Wilson,* 1 *Bland,* 436; *Booth vs. Clark,* 17 *Howard,* 322, and only having such powers as conferred upon him by the order for his appointment and the practice of the Court. *Verplanck vs. Mercantile Ins. Co.,* 2 *Paige C. R.,* 438, and always acting under its express or implied authority, and in this instance by its special order; if Penniman is not entitled to the debts due the firm from its foreign debtors, he ought to have an adequate deduction therefor, from the amount of his purchase.

But we think, all the right and title of the firm to these debts was virtually divested and transferred to Penniman by the sale, with such power to collect them as could be conferred by the sale of the receiver, or the authority of the Court.

The Court by adhering to the sale, was committed to the exercise of such further action, within its power, to

enable Penniman to have the benefit of his purchase.    If
the debts were voluntarily paid, he was entitled to hold
the proceeds, without accounting therefor to these com-
plainants.

If payment was refused, and could not be coerced, and
it was beyond the power of the Court to assist him, by
reason of any laws operating where the debtors resided,
that would not divest his right under the sale, although
it might prevent his recovery—that would be his mis-
fortune.

If further steps became necessary to facilitate their col-
lection, the Court had the power to compel the firm, being
within its jurisdiction and parties to the proceedings, to
whom the debts were due; to assign and transfer all their
right and title thereto to Penniman, so as to vest the
same in him.

If the receiver as such had no extra-territorial power of
action, and the Court could not authorize him to exercise
any of his functions directly in a foreign jurisdiction, which
seems to have been the view entertained by the Supreme
Court in the case of *Clark vs. Booth*, 17 *Howard*, 322,
referred to by appellants' counsel, if not able to institute
suit, or to become directly an actor therein before foreign
tribunals, it does not follow, that the Court can take no
measure to make these *choses in action* available for the
benefit of the creditors of the firm.

Although the property of a defendant is beyond the
reach of the Court, it does not lose its jurisdiction over it,
provided the person of the defendant is within the jurisdic-
tion.    He may be compelled to execute such transfer
thereof, as will be sufficient to vest the legal title according
to the *lex loci rei sitæ*.    *Mitchell vs. Bunch*, 2 *Paige C. R.*,
615, referred to in *Booth vs. Clark*, 17 *Howard*, 322.

The debts belonged to the firm, no matter where the
debtors resided, and it is a principle of universal applica-
tion, that the *situs* of personal property is the domicil of

the owner,—such property following his person, and having no locality, the validity of its transfer depends on the law of the place where it is made.    2 *Kent's Com.*, 570 ; *Story's Conflict*, secs. 362, 383, 399.

It is quite as competent for the firm, or the receiver appointed by the Court, invested with its rights, by its authority, to transfer these debts as any other property of theirs beyond the limits of the State.    Persons residing here may dispose of their *choses in action* outside of the State ; or if residing abroad make sale of any here, when the local laws affecting the transfer of the property are complied with.    *Houston vs. Nowland*, 7 *G. & J.*, 480 ; *Wilson vs. Carson*, 12 *Md* , 77.

The Court or the receiver did not warrant, or guarantee the collection of the debts, but Penniman acquired whatever right the sale could confer, and which divested all the rights of the firm ; and all the parties before the Court, in that case, including the complainants, must be held bound thereby.

*Decree affirmed.*

(Decided 22nd June, 1875.)